# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-1802
_____

United States of America

*Plaintiff - Appellee*

v.

Jacob Logan Stone

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Ft. Smith

_____

Submitted: May 15, 2026
Filed: July 7, 2026
[Unpublished]

_____

Before LAVENSKI R. SMITH, BENTON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Jacob Logan Stone pled guilty to one count of distribution of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). The district court[1] sentenced him to 150 months in prison and a lifetime of supervised release.

_____

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

Stone moved pro se for early termination of supervised release. The district court denied the motion. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Stone believes the court should have granted him early termination of supervised release because he "fully complied with all conditions for over four years, completed treatment with a low risk of recidivism, maintained stable employment, and reintegrated into society." This court reviews the denial of a motion for early termination of supervised release for abuse of discretion. *United States v. Norris*, 62 F.4th 441, 449 (8th Cir. 2023).

"Under 18 U.S.C. § 3583(e), a district court may, after considering certain factors, terminate a term of supervised release and discharge the defendant if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *United States v. Mosby*, 719 F.3d 925, 930 (8th Cir. 2013). The district court has "broad discretion" because "it is in the best position to evaluate the circumstances of each individual defendant." *Id*.

The district court explicitly stated that it considered "factors set forth under 18 U.S.C. § 3553(a), to the extent they are applicable." Noting both the probation office and government's opposition to the request, it reiterated "that the nature of Defendant's offense, which went beyond simply receiving child pornography but also distributing it, is more severe than most sex offenders." It noted that Stone "has an extensive history of possessing, distributing, and producing child pornography, along with direct personal offenses against minors." And it agreed with the government that Stone's "characteristics render the lifetime of supervised release necessary to protect the public, reflect the seriousness of Defendant's offenses, and deter future offenses." The district court did not abuse its discretion. *See id.* (holding that the court is not required to "explain its denial of early termination of supervised release").

* * * * * * *

The judgment is affirmed.

_____